IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:22-cr-00072-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> (1) TIMOTHY MICHAEL DEVER, ) <br> (2) DARRIS GIBSON MOODY, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Government's Motion to Seal Document Containing Victim Names [Doc. 151].

The Government moves the Court for leave to file an Exhibit [Doc. 150], under seal in this case. [Doc. 151]. For grounds, counsel states that the exhibit contains the full names and positions of the fifty-seven (57) victims known to have been served with writs by Defendant Moody. [Id.] Counsel further states that the victims were directly threatened by the Defendants in this case and by the organization that they represented. [Id.] Finally, counsel states that, pursuant to the Crime Victims' Act, crime victims must "be treated with fairness and with respect for the victims' dignity and privacy," and sealing the exhibit fulfills this obligation. [Id.]; 18 U.S.C. § 3771(a)(8).

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). In the present case, the public has been provided with adequate notice and an opportunity to object to the Government's motion. The Government filed its motion on August 17, 2023, and it has been accessible to the public through the Court's electronic case filing system since that time. Further, the Government has demonstrated that the exhibit contains sensitive information and that the public's right of access to such information is substantially outweighed by the Government's competing interest in protecting the details of such information. See United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). Finally, having considered less drastic alternatives to sealing the document, the Court concludes that sealing of the Government's Exhibit is necessary to protect the privacy interests of the victims.

Upon review of the Government's Exhibit, the Court finds that the Government's Exhibit contains case material and information of the nature

that is ordinarily sealed and appropriate to be shielded from public access. See United States v. Harris, 890 F.3d at 492.

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Seal Document Containing Victim Names [Doc. 151] is **GRANTED**, and the Government's Exhibit [Doc. 150] shall be filed under seal and shall remain under seal until further Order of the Court.

**IT IS SO ORDERED.**

Signed: August 29, 2023

Martin Reidinger
Chief United States District Judge